IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MOLLY BLOCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-CV-560-SMY-RJD |
| | ) |
| ALTON MULTISPECIALIST, LTD and | ) |
| SHERRI HENSON, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court is the Motion to Dismiss Plaintiff's First Amended Complaint filed by Defendants Alton Multispecialists, LTD and Sherri Henson (Doc. 17). Plaintiff filed a Response (Doc. 23). For the following reasons, the motion is **GRANTED in part** and **DENIED in part**.

## Background

Plaintiff Molly Bloch filed a seven-count First Amended Complaint against her former employer Alton Multispecialist ("AMS") and her former supervisor Sherri Henson, alleging violations of Title VII of the Civil Rights Act, the Pregnancy Discrimination Act, the Illinois Human Rights Act, and common law tort claims. In Counts I, II, VI, and VII, Bloch alleges that she was qualified for her position and was able to perform all essential functions of her job, but was subjected to discrimination, harassment and a hostile work environment and was treated differently than similarly situated employees because of her pregnancy. Bloch further alleges

that AMS knew or reasonably should have known about the discrimination, harassment and hostile work environment and failed to take any steps to stop the illegal behavior.

In Counts III and IV, Bloch asserts that AMS violated the Family Medical Leave Act ("FMLA") and retaliated against her after she reported AMS's illegal activities. Specifically, she alleges among other things, that AMS failed to provide her with information about her FMLA benefits, information from the employer's handbook regarding pregnancy leave and policies for breast feeding in the work place, and failed to responsively answer her questions. She also alleges that she was terminated after reporting and complaining to AMS.

In Count V, Bloch alleges that Henson was involved in AMS's investigation leading up to her termination, and that she provided AMS with the information it utilized in its termination decision. Bloch further alleges that Henson intentionally and wrongfully interfered with Bloch's economic relationship that she had through her employment with AMS by providing incomplete and inaccurate information to AMS and by failing to perform an adequate investigation. Defendants move to dismiss Bloch's Amended Complaint in its entirety for failure to state a claim.

## **DISCUSSION**

To survive a motion to dismiss under Rule 12(b)(6), the Complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Detailed facts are unnecessary, but the Complaint must give the defendant fair notice of what the claim is and the grounds upon which it rests. *Olson v. Champaign Cnty.,* 784 F.3d 1093, 1098 (7th Cir. 2015) (citing *Erickson v. Pardus,* 551 U.S. 89, 93, (2007) (per curiam), and *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

A plaintiff's responsibility is to state a claim for relief that is plausible on its face. *Id.* at 404. Plausibility does not mean probability; a court reviewing a 12(b)(6) motion must ask itself *could* these things have happened, not *did* they happen. *Id.* (emphasis in original). The standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence supporting the allegations. *Olson,* 784 F.3d at 1099. When deciding a motion to dismiss under Rule 12(b)(6), the court takes all facts alleged by the plaintiff as true and draws all reasonable inferences from those facts in the plaintiff's favor. *Iqbal*, 556 U.S. at 662, 663.

### *Counts I, II, VI, and VII*

AMS and Henson move to dismiss Bloch's discrimination, hostile work environment, and retaliation claims, asserting that her allegations are conclusory. To prevent dismissal under Rule 12(b)(6), a Complaint alleging discrimination need only allege that the employer instituted an adverse employment action against the plaintiff on the basis of her race, sex, pregnancy, etc. "In these types of cases, the complaint merely needs to give the defendant sufficient notice to enable him to begin to investigate and prepare a defense." *Tamayo v. Blagojevich,* 526 F.3d 1074, 1085 (7th Cir. 2008) (plaintiff sufficiently pled violation of Title VII where she alleged salary discrepancy and that "she ha[d] been subjected to adverse employment actions by Defendants on account of her gender").

Here, Bloch alleges that, although she was qualified and was able to perform her job duties, she was terminated from her employment with AMS due to her pregnancy and after requesting pregnancy-related benefits from AMS. Nothing more is required to plead a discrimination claim under Rule 8's liberal pleading standard.

To assert a retaliation claim under Title VII, a plaintiff must allege that she engaged in statutorily protected activity and was subjected to an adverse employment action as a result of

that activity (though she need not use those terms). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1029 (7th Cir. 2013). In this case, the statutorily protected activity was complaining to AMS regarding its failure to provide Plaintiff FMLA information. The materially adverse action was her termination. These allegations are sufficient to meet the first two requirements of a *prima facie* claim, which is all Bloch is required to do at this stage in the litigation. *See Luevano*, 722 F.3d at 1029.

In order to state a claim under Title VII for a hostile work environment, a plaintiff must sufficiently allege that: (1) she was subject to unwelcome harassment; (2) the harassment was based on her sex/pregnancy; (3) the harassment was severe [or] pervasive so as to alter the conditions of the employee's environment and create a hostile or abusive working environment; and (4) there is basis for employer liability." *Cooper-Schut v. Visteon Auto. Sys.,* 361 F.3d 421, 426 (7th Cir. 2004). Here, the Court agrees with Defendants that Bloch has failed to allege any facts that would support a hostile work environment claim. She merely states that she was harassed and subjected to a "hostile work environment". Even under the liberal federal pleading requirements, Bloch's allegations are insufficient to put Defendants on notice regarding the conduct or actions she believes rise to the level of harassment or a "hostile work environment. Accordingly, Defendants' motion to dismiss is GRANTED as to Bloch's claims of hostile work environment and harassment. The motion is DENIED as to Bloch's retaliation and discrimination claims.

### *Count III*

In Count III, Bloch alleges violations of the FMLA against AMS. Defendants assert that Bloch's FMLA claim must be dismissed because she failed to include her allegations in her EEOC Complaint. Defendants' argument is not supported by law.

The FMLA enforcement provision does not contain language that explicitly or implicitly requires an employee to exhaust administrative remedies before filing a FMLA claim in federal court. *See generally* 29 U.S.C. § 2617. Under the Department of Labor regulations implementing the FMLA, an employee seeking to enforce the FMLA "has the choice of: (1) filing, or having another person file on his or her behalf, a complaint with the Secretary of Labor; or (2) filing a private lawsuit pursuant to section 107 of the FMLA [29 U.S.C. § 2617]." 29 C.F.R. § 825.400. Therefore, Bloch was not required to exhaust administrative remedies before filing a civil action pursuant to the FMLA. Accordingly, Defendants' motion to dismiss is DENIED as to Count III.

## *Count IV*

In Count IV, Bloch asserts an Illinois common law action for wrongful discharge in retaliation for reporting an employer's illegal activities. Once again, Defendants argue that Bloch failed to make any allegations in her EEOC charge that she was retaliated against due to reporting alleged illegal activity to her supervisors. Bloch's common law retaliatory discharge claim does not require exhaustion. However, the Court will dismiss the claim because under Illinois law, a plaintiff cannot assert a state law retaliatory discharge claim based on the rights set forth in the FMLA.

Under Illinois law, "[t]o state a valid retaliatory discharge cause of action, an employee must allege that (1) the employer discharged the employee, (2) in retaliation for the employee's activities, and (3) that the discharge violates a clear mandate of public policy." *Turner v. Mem'l Med. Ctr.*, 911 N.E.2d 369, 374 (Ill. 2009). Although Illinois law does not define the precise limits of clearly mandated public policy, the tort of retaliatory discharge has only been allowed

(1) when an employee is fired for asserting a workers' compensation claim and (2) when an employee is fired for refusing to engage in illegal conduct or reporting the illegal conduct of others ('whistle blowing' or 'citizen crime fighting'). *See Brandon v. Anesthesia & Pain Mgmt. Assocs., Ltd.*, 277 F.3d 936, 941 (7th Cir. 2002).

Retaliatory discharge claims have been denied where it is clear that only private interests are at stake" because such private interests do not satisfy the public policy requirement". *Palmateer v. Int'l Harvester Co.*, 421 N.E.2d 876, 878–79, 85 Ill.2d 124, 130 (Ill. 1981). Although the issue has not been decided by the Illinois Supreme Court, other federal district courts in Illinois have concluded that the Illinois Supreme Court would refuse to extend the tort of retaliatory discharge to include claims based on the FMLA because the FMLA is concerned primarily with private interests. *See Smith v. MGM Resorts Int'l,* 2016 WL 7049062, at *6 (N.D. Ill. Dec. 5, 2016)*; Sullivan v. Progressive Cas. Ins. Co.*, 2004 WL 1687123, at *6 (N.D. Ill. July 27, 2004); *Callozzo v. Office Depot, Inc.*, 1998 WL 111628, at *3 (N.D. Ill. Mar. 6, 1998); *Dormeyer v. Comerica Bank—Illinois*, 1997 WL 403697, at *1 (N.D. Ill. July 15, 1997). This Court joins them. Accordingly, Defendants' motion to dismiss Bloch's retaliatory discharge claim is GRANTED, and Bloch's claim is dismissed with prejudice.

## *Count V*

In Count V, Bloch raises a state law claim for intentional interference with business relationship against Defendant Henson in her individual capacity. Defendants maintain that Bloch's allegations against Henson, the Executive Director of AMS, fail to state a claim because the tort of intentional interference with business relationship is only applicable in the context of interference by a third party.

To state a claim for tortious interference with a business expectation of continued employment, the plaintiff must prove: (1) his reasonable expectation of entering into a valid business relationship; (2) the defendant's knowledge of the plaintiff's expectancy; (3) purposeful interference by the defendant that prevents the plaintiff's legitimate expectancy from ripening into a valid business relationship; and (4) damages to the plaintiff resulting from such interference. *Fellhauer v. City of Geneva, 568 N.E.2d 870,* 878 (Ill. 1991). The tort usually only applies when the actions of a third party cause an employer to decide to fire an at-will employee. *See Ali v. Shaw*, 481 F.3d 942, 945 (7th Cir. 2007). However, an employer's agent *may* be liable under a tortious interference theory, *if* another party was the decision-maker, the decision-maker relied on false information given by the defendant, and the defendant acted solely for his own personal interest, totally unrelated or antagonistic to the interest of the employer. *See Citylink Group, Ltd. v. Hyatt Corp.,* 729 N.E.2d 869, 840–841 (Ill. App. 2000) (corporate agents are normally privileged from tortious interference claims unless the defendant acted in his own interests, unrelated or antagonistic of the principal).

Bloch alleges that Henson was involved in AMS's investigation leading up to her termination and provided AMS with the information that it used to terminate Bloch. She also alleges that Henson intentionally and wrongfully provided incomplete and inaccurate information and failed to perform an adequate investigation – all with malicious intent and personal animus. Viewed in the light most favorable to Bloch, she has sufficiently stated a claim. Accordingly, Defendants' motion to dismiss Count V is DENIED.

## **CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss is granted in part and denied in part. Plaintiff's hostile work environment and harassment claims in Counts I, II, VI, and VII are

**DISMISSED without prejudice**.  Plaintiff's common law retaliatory discharge claim (Count IV) is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

**DATED:  March 27, 2018**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**

.